**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                              ACTION NO. 2:06mj8

DWAYNE ANTWON ALLEN

      Defendant.

<u>O R D E R</u>

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 and 846.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes that there is probable cause to believe that the defendant was engaged in the business of

distributing cocaine, manufacturing cocaine base and distributing cocaine base.

The defendant has lived in the area since 1987. He is 29 years old and his sister and mother live in the area. The defendant claims employment as a real estate investor with an income of about $33,000 per year. He has no income because of his incareration. His debts currently exceed his assets.

The defendant has one prior conviction for petit larceny in 1995.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case, and the strength of the evidence against him, that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney

2

for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

```
                              _____/s/_____
                                        Tommy E. Miller
                              UNITED STATES MAGISTRATE JUDGE
```

Norfolk, Virginia

January 30, 2006